IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| REX KAY SMITH,<br><br>Plaintiff,<br><br>vs.<br><br>INTEGROW MALT, LLC, BARRETT BUSINESS SERVICES, INC., CARGILL, INC., ANHEUSER-BUSCH INBEV WORLDWIDE, INC., GREGG SMITH, MIKE TSANTIS, ALREDO AVILA, and ANDREW SHAW,<br><br>Defendants. | CV 19-44-M-DLC-JCL<br><br>ORDER |

## I. Introduction

Plaintiff Rex Smith, appearing pro se, filed an application requesting leave to proceed in forma pauperis. Smith submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Because it appears he lacks sufficient funds to prosecute this action **IT IS HEREBY ORDERED** that Smith's application is **GRANTED**. This action may proceed without prepayment of the filing fee, and the Clerk of Court is directed to file Smith's lodged complaint as of the filing date of his request to proceed in forma pauperis.

The federal statute under which leave to proceed in forma pauperis is permitted — 28 U.S.C. § 1915 — also requires the Court to conduct a preliminary screening of the allegations set forth in the litigant's pleading. The applicable provisions of section 1915(e)(2) state as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal–
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

The Court will review Smith's pleading to consider whether this action can survive dismissal under the provisions of section 1915(e)(2), or any other provision of law. *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138, 1142 (9th Cir. 2005).

## II. Background

Smith asserts he was discharged from his employment after he sought to obtain workers' compensation benefits for injuries sustained in an accident at

2

work, and after he raised issues under the Fair Labor Standards Act and the Family Medical Leave Act. He states Defendant Integrow Malt, LLC interfered with his workers' compensation payments. He also states all Defendants are liable for defamation. But Smith provides no further factual information about his claims.

Smith asserts jurisdiction over this case is founded upon diversity of citizenship under 28 U.S.C. § 1332. But Smith similarly does not present any facts satisfying the requirements for diversity jurisdiction.

### **III.** **Discussion**

Because Smith is proceeding pro se the Court must construe his pleading liberally, and the pleading is held "to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972). *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Although the Court has authority to dismiss a defective pleading pursuant to 28 U.S.C. § 1915(e)(2),

> a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.

*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

## A. Jurisdiction

Although Smith asserts jurisdiction is based upon diversity of citizenship under 28 U.S.C. § 1332, his allegations do not adequately support his assertion. Thus, the Court will afford Smith an opportunity to file an amended complaint to present factual allegations in support of diversity jurisdiction in accordance with the legal requirements stated herein.

A plaintiff's complaint filed in federal court must set forth specific allegations sufficient to invoke the jurisdiction of the district court. Fed. R. Civ. P. 8(a)(1).[1]

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]... It is to be presumed that a cause lies outside this limited jurisdiction,... and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]

*Kokkonen v. Guardian Life Ins. of America*, 511 U.S. 375, 377 (1994) (citations omitted). A plaintiff bears the burden to establish jurisdiction. *Farmers Ins. Ex. v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 912 (9th Cir. 1990). Absent jurisdiction, a case is subject to dismissal. Fed. R. Civ. P. 12(h)(3).

---

[1] Pro se litigants are "bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

Furthermore, the federal courts are obligated to independently examine their own jurisdiction. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990). And a district court may dismiss an action sua sponte whenever it appears that jurisdiction is lacking. Fed. R. Civ. P. 12(h)(3); *Fiedler v. Clark*, 714 F.2d 77, 78-9 (9th Cir. 1983).

For diversity jurisdiction to exist as Smith suggests, federal law requires that his civil action be one in which "the matter in controversy exceeds the sum or value of $75,000[,]" and is between citizens of different States. 28 U.S.C. § 1332(a); *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010). Complete diversity of citizenship is required as the plaintiff must be a citizen of a different state than each defendant. *Morris v. Princess Cruises, Inc.* 236 F.3d 1061, 1067 (9th Cir. 2001).

As presently pled, Smith's complaint does not include factual allegations identifying the citizenship of any party to this case. A corporate or business entity can be a citizen of a state in which it is incorporated, or a state in which "it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). Smith's amended complaint must affirmatively state each party's citizenship.

Additionally, in any diversity jurisdiction case a plaintiff must advance allegations, in good faith, establishing that the amount in controversy exceeds $75,000, exclusive of interest and costs. *Geographic Expedition, Inc.*, 599 F.3d at 1106. "[T]he amount in controversy is determined from the face of the pleadings." *Crum v. Circus Circus Enterprises*, 231 F.3d 1129, 1131 (9th Cir. 2000). Generally, the sum claimed by the plaintiff controls if the claim is made in good faith. *Id*. But if it appears to a legal certainty that the amount of the claim is really less than the jurisdictional amount, then the court has authority to dismiss the case for lack of jurisdiction. *Geographic Expeditions, Inc.*, 599 F.3d at 1106.

More importantly, in general a plaintiff must assert that the jurisdictional amount is satisfied as to each individual defendant. Where a defendant's asserted liability to a plaintiff is independent or separate from the liability of other defendants named in the action, the plaintiff must establish that the total amount in controversy as to each individual defendant exceeds the jurisdictional limit. *Libby, McNeill, and Libby v. City National Bank*, 592 F.2d 504, 510 (9th Cir. 1978). This rule holds true even when each individual defendant's liability arises out of the same transaction. *Ex parte Phoenix Ins. Co.*, 117 U.S. 367, 369 (1886). There exists no supplemental jurisdiction over an individual defendant for whom

there is no independent basis for the court's jurisdiction. *Libby, McNeill, and Libby*, 592 F.2d at 510.

But there exist limited circumstances where a plaintiff can amounts allegedly due to reach the jurisdictional limit. A plaintiff may reach the jurisdictional amount as to an individual defendant by aggregating the amounts allegedly due on multiple claims advanced against that one defendant. *Budget Rent-a-Car, Inc. v. Higashiguchi*, 109 F.3d 1471, 1474 (9th Cir. 1997). A plaintiff may also aggregate claims against multiple defendants where the claims are "common and undivided so that the defendants' liability is joint and not several." *Libby, McNeill, and Libby*, 592 F.2d at 510 (quoting *United States v. Southern Pacific Transportation Co.*, 543 F.2d 676, 683 n.9 (9th Cir. 1976)). Additionally, a plaintiff may aggregate claims against multiple defendants who are alleged to have conspired to harm the plaintiff. Allegations of a conspiracy "tie" together claims against multiple defendants so as to impose joint liability against those defendants. *Sovereign Camp W.O.W. v. O'Neill*, 266 U.S. 292, 297-98 (1924).

Here, Smith has failed to expressly allege an amount in controversy on the face of his pleading. Smith's general claim for "front pay, back pay, statutory damages" is insufficient to set forth any specific amount in controversy to enable the Court to determine if Smith is, in good faith, requesting a sum in excess of

$75,000, or whether it appears to a legal certainty that the amount of his claim is really less than the jurisdictional amount. (Doc. 2 at 5.)

Furthermore, Smith has not asserted any allegations establishing that the jurisdictional amount in controversy is satisfied as to each individual Defendant given that Smith has identified 8 separate Defendants in this action. As mentioned, he may aggregate the total amount in controversy under the legal authority previously discussed.

Based on the foregoing, the Court finds Smith's pleading, as currently presented, is subject to dismissal for lack of jurisdiction. In view of his pro se status, however, the Court will afford him an opportunity to file an amended complaint to include allegations to cure the jurisdictional defects.

In preparing his amended complaint, Smith is again advised that Federal Rules of Civil Procedure, Rule 8(a) requires "a short and plain statement of the grounds for the court's jurisdiction[.]" Fed. R. Civ. P. 8(a). He must plead specific factual allegations establishing this Court's jurisdiction as discussed above.

### B. Venue

Federal law provides limitations as to the proper venue for a civil action which is identified as follows:

**(b) Venue in general.**--A civil action may be brought in—

> **(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> **(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> **(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Smith's pleading does not present any factual information establishing that the District of Montana is a proper venue for his action. Given that each Defendant Smith identifies in this action has an address that is outside the District of Montana, it does not appear that any Defendant "resides" in the District of Montana, and the circumstances also suggest that the facts giving rise to his claims may have "occurred" outside of the District of Montana. If the District of Montana is not the proper venue, then the Court is obligated to either dismiss the action, or transfer it to a proper venue. 28 U.S.C. § 1406(a). But, in view of Smith's pro se status, the Court will afford him an opportunity to file an amended complaint which presents facts supporting venue in the District of Montana.

### C. <u>Statement of a Claim for Relief</u>

In addition to the jurisdictional and venue defects in Smith's pleading, in view of the multiple Defendants named in Smith's pleading, the Court finds he has failed to set forth sufficient factual allegations precisely describing the conduct committed by each individual Defendant that allegedly subjects each Defendant to liability. Again, Rule (a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" as to each named Defendant. Thus, in any complaint the plaintiff must present short, plain statements which concisely describe: (1) the plaintiff's legal right allegedly violated by each defendant; (2) the name of the defendant(s) who violated the right; (3) exactly what <u>each</u> defendant did or failed to do; (4) how the action or inaction of that defendant is connected to, or caused the violation of plaintiff's right; and (5) what injury plaintiff suffered because of that defendant's conduct.

Here, Smith's allegations do not include the necessary short and plain factual statements asserting viable claims for relief against each Defendant. Smith's unspecified allegations make it impossible for the Court to determine whether he can state any valid legal claim against any particular Defedant, or whether his allegations are frivolous and subject to dismissal under 28 U.S.C. § 1915(e)(2). *See Dean Reed Production Corp. v. Los Angeles County Dept. of*

*Children and Family Services*, 2006 WL 3734656, *1 (E.D. Cal. 2006). A totally incomprehensible claim or complaint is without an arguable basis in law and is subject to dismissal. *Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989), superseded by 28 U.S.C. § 1915(e)(2)(B) on other grounds.

Additionally, Smith's pleading must comply with Fed. R. Civ. P. 10(b). Rule 10(b) requires that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." This permits the individual defendants to answer the allegations by simply referring by number to the paragraphs of the complaint. *Id.*

Based on the foregoing, and in view of Smith's pro se status, the Court will afford him an opportunity to file an amended complaint. In doing so, Smith's pleading must comply with Rules 8(a) and 10(b).

## IV.     Conclusion

Based on the foregoing, the Court finds Smith's complaint, as presently pled, is subject to dismissal for failure to plead facts supporting the Court's jurisdiction over this action, for failure to demonstrate that the District of Montana is the proper venue for this action, and for failure to state a claim against each Defendant on which relief could be granted. But the Court will afford him an

opportunity to file an amended pleading that conforms to the requirements identified in this Order.

Therefore, IT IS ORDERED that on or before **April 22, 2019,** Smith shall file an amended complaint. The Clerk of Court is directed to provide him with a standard form for filing an amended complaint. Pursuant to Fed. R. Civ. P. 8(a), Smith's amended complaint shall set forth a short and plain statement of the grounds for the Court's jurisdiction, and of his claims against each individual defendant showing that he is entitled to relief. Additionally, Smith must set forth facts supporting the District of Montana as the proper venue for this action.

At all times during the pendency of this action, Smith shall immediately advise the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b), or for failure to state a claim for relief.

Smith is also advised that his failure to prosecute this action, to comply with the Court's orders, or to comply with the Federal Rules of Civil Procedure may result in a recommendation that this case be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b). The Court may dismiss this case under Rule 41(b) *sua sponte*

under certain circumstances. *See, e.g., Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).

DATED this 19th day of March, 2019.

_____
Jeremiah C. Lynch
United States Magistrate Judge